Adelhardt Constr. Corp. v Citicorp N. Am., Inc. (2021 NY Slip Op 07496)





Adelhardt Constr. Corp. v Citicorp N. Am., Inc.


2021 NY Slip Op 07496


Decided on December 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2021

Before: Webber, J.P., Mazzarelli, Gesmer, González, Rodriguez, JJ. 


Index No. 655186/18 Appeal No. 14928-14928A Case No. 2021-00254, 2021-00473 

[*1]Adelhardt Construction Corp., Plaintiff,
v
Citicorp North America, Inc., et al., Defendants-Appellants. New York County District Attorney's Office et al., Nonparty-Respondents.


Alonso Andalkar & Facher, P.C., New York (Mark J. Alonso of counsel), for appellants.
Cyrus R. Vance, Jr., District Attorney, New York (Robin A. McCabe of counsel), for respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered June 17, 2020, which, to the extent appealed from as limited by the briefs, denied defendants' motion to compel nonparty New York County District Attorney's Office (DANY) to comply with a subpoena for grand jury material, unanimously affirmed, without costs. Order, same court and Justice, entered January 25, 2021, which, to the extent appealed from as limited by the briefs, denied defendants' motion to compel DANY to provide an expanded index of its grand jury investigation file, unanimously affirmed, without costs.
The IAS court properly rejected defendants' subpoenas to the extent they sought grand jury material in this private commercial dispute. Defendants have failed to show a "compelling and particularized" need for access to such documents (Matter of District Attorney of Suffolk County , 58 NY2d 436, 444 [1983]; CPL 190.25[4][a]). There are no allegations that plaintiff fraudulently procured the relevant construction contracts. Even assuming that defendants can establish their illegality defense, the grand jury material in question is not defendants' only means of doing so. Evidence obtained during the civil proceedings from the perpetrators of the bribery scheme can be utilized to establish the defense. Defendants' assertion that there is "no one" to testify at trial regarding the bribery scheme is simply not accurate.
Because defendants have not demonstrated a compelling and particularized need for the grand jury materials, they were not entitled to have the IAS court engage in the discretionary balancing of the public interest in secrecy of grand jury proceedings against the public interest in disclosure (Matter of District Attorney , 58 NY2d at 444). Even if we were to reach the issue, there is simply no public interest in this commercial contract dispute between private parties. The mere fact that there was a grand jury investigation into a bribery scheme related to the construction contracts does not transform a subsequent contract dispute for work that was actually performed into one involving the public interest. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2021